UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| BMG MUSIC, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil No. 08-169-B-W |
| | ) | |
| DOES 1-11, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER RE: EXPEDITED DISCOVERY**

On May 28, 2008, the plaintiff recording companies filed a complaint seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq.* On May 29, 2008, the plaintiff recording companies filed an *ex parte* motion for leave to take immediate discovery. The plaintiffs' motion is hereby **GRANTED,** subject to the following limitations.

It is further ORDERED as follows:

1. The plaintiffs may take immediate discovery on the University of Maine System to obtain the identity of each Doe defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe defendant, including name, address, telephone number, e-mail address, and media access control addresses for each Doe defendant. No further information about the Doe defendants shall be revealed;

2. The plaintiffs may use the information obtained by this Rule 45 subpoena solely for the purpose of protecting their rights under the Copyright Act;

3. The plaintiffs shall attach the Court Directed Notice Regarding Issuance of Subpoena, a copy of which is attached to this Order, to their Rule 45 subpoena. The Rule

45 subpoena shall instruct the University to distribute a copy of the Notice to each Doe defendant within seven days of service of the subpoena[1];

    4. The Rule 45 subpoena shall also instruct the University not to respond to the subpoena until fourteen days after each Doe defendant has received the Notice;

    5. Any future notices to any defendant in this case or any related case filed in the District of Maine must be pre-approved by the Court and filed on the record.

*So Ordered.*

October 30, 2008                                                    /s/ Margaret J. Kravchuk
                                                                               U.S. Magistrate Judge

---

[1] See UMG Recordings, Inc. v. Does 1-4, No. 06-0652 SBA, 2006 U.S.Dist. LEXIS 32821, 2006 WL 1343597, 64 Fed. R. Serv. 3d 305 (N.D. Ca. Mar. 6, 2006) (Chen, USMJ) (Finding it unnecessary to decide whether the Cable Communications Policy Act is applicable to this situation, but determining that such notice complies with 47 U.S.C. § 551(c)(2)(C)(i) and that, in any event, such notice is required in the interest of fairness and pursuant to the provisions of Rule 45 (c)(3)(A)(iii) and (iv).)

UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| BMG MUSIC, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil No. 08-169-B-W |
| | ) | |
| DOES 1-11, | ) | |
| | ) | |
| Defendants. | ) | |

**COURT-DIRECTED NOTICE
REGARDING ISSUANCE OF SUBPOENA**

A subpoena has been issued directing the college or university (University of Maine) that serves as your Internet Service Provider ("ISP") to disclose your name and contact information. The subpoena has been issued because you have been sued in the United States District Court for the District of Maine in Bangor, Maine, as a "John Doe" by several major record companies. You have been sued for allegedly infringing copyrights on the Internet by uploading and/or downloading music. The record companies have identified you only as a "John Doe" and have served a subpoena on your ISP to learn your identity.

This notice is intended to inform you of some of your rights and options.

**YOUR NAME HAS NOT YET BEEN DISCLOSED.**

**YOUR NAME WILL BE DISCLOSED IN 14 DAYS IF YOU DO NOT CHALLENGE THE SUBPOENA.**

Your name has not yet been disclosed. The record companies have given the Court enough information about your alleged infringement to obtain a subpoena to identify you, but the Court has not yet decided whether you are liable for infringement. Such a determination would be made only after you have been served and had a full opportunity to challenge the entire lawsuit. At this stage of the proceeding you can challenge the subpoena in Court. You have 14 days from the date that you received this notice to file a motion to quash or vacate the subpoena. If you file a motion to quash the subpoena, your identity will not be disclosed to the record companies until the motion is resolved (and the companies cannot proceed against you until you are identified). If you do not file a motion to quash, then at the end of the 14 day period, your ISP will send the record company plaintiffs your identification information.